UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERTO JOSE COTA,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA ANA POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 8:21-CV-01774-MWF-JDE<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

On October 25, 2021, Plaintiff Roberto Jose Cota ("Plaintiff"), a pretrial detainee at Orange County Jail, proceeding pro se and seeking to proceed in forma pauperis ("IFP"), filed a Complaint under 42 U.S.C. § 1983 ("Section 1983" or "§ 1983") against Defendants Santa Ana Police Department ("SAPD"), David Valentin, Gallardo, John Doe, and Gus Morroyoqui. Dkt. 1 ("Complaint"); Dkt. 2 ("IFP Request").

Because Plaintiff, a detainee, seeks redress in the Complaint against government officials and entities, and because Plaintiff seeks leave to proceed IFP, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court must, as soon as practicable, review and dismiss the Complaint if it is frivolous or malicious,

fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant immune from such relief.

## II.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

On May 28, 2018, Plaintiff, a tow-truck operator, was in a parking lot in Santa Ana, California when he heard what he believed to be gun shots coming from a nearby parking lot. Complaint ¶¶ 11-13. Plaintiff drove to the nearby parking lot and observed a group of bystanders surrounding an injured victim. Id. ¶14. Plaintiff then began rendering aid to the victim until the Fire Department arrived a few minutes later, at which point Plaintiff returned to his parked vehicle. Id. ¶¶ 15-16. Shortly thereafter, officers from the SAPD arrived at the parking lot and began conducting witness interviews. Id. ¶ 17. Plaintiff approached Defendant Gallardo, an SAPD officer, and notified him that Plaintiff's vehicle had a dash camera that may have captured relevant footage. Id. ¶ 18. Defendant Gallardo indicated to Plaintiff he would be interested in interviewing Plaintiff, and asked Plaintiff to "wait for a few minutes," which Plaintiff obliged. Id. Defendant Gallardo briefly interviewed Plaintiff, and at 10:15 p.m., before completing the interview, instructed Plaintiff to move his vehicle and to turn it off as to not waste gas. Id. ¶ 20. Plaintiff alleges he felt "compelled" to comply with Defendant Gallardo's orders and accordingly moved his vehicle and believed he "couldn't leave." Id. ¶ 21. Plaintiff claims Defendant Gallardo never told Plaintiff he was permitted to leave and never provided Plaintiff with an explanation for his detention. Id. ¶ 22.

Later that night, Defendant John Doe, an SADP crime scene investigator, approached Plaintiff and requested to inspect Plaintiff's dash camera, which Plaintiff obliged. Id. ¶ 25. Defendant Doe also requested to review the footage stored on Plaintiff's dash camera, but Plaintiff denied the request. Id. ¶ 25. Upon returning the dash camera to Plaintiff, Defendant Doe

"ordered" Plaintiff to call Plaintiff's boss and notify him that the police officers would not "let [Plaintiff] go until the detective is done interviewing everyone." Id. ¶ 26. Plaintiff then sat in his vehicle and waited "for a few hours" until Defendant Morroyoqui, an SADP detective, arrived at the parking lot and began interviewing the present witnesses, including Plaintiff. Id. ¶ 27. Following his interview with Plaintiff, Defendant Morroyoqui requested to examine Plaintiff's dash camera, but Plaintiff informed Defendant Morroyoqui he was unable to locate the dash camera. Id. ¶ 28. At 2:12 a.m. the following morning, Plaintiff was "allowed to leave" the parking lot and went home. Id.

Plaintiff alleges Defendants violated his Fourth Amendment right to be free from unreasonable searches and seizures by detaining him for over three hours without probable cause or reasonable suspicion of any wrongdoing. Id. ¶¶ 29, 53-54. Plaintiff generally claims that Defendant David Valentin "allows his officers and detectives to engage in unlawful searches and seizures," and further alleges Defendants Gallardo, Morroyoqui, and Doe acted wantonly, maliciously, and willfully. Id. ¶¶ 51-52. Plaintiff seeks :(1) a declaratory judgment that Defendants violated his Fourth Amendment rights; (2) an injunction enjoining Defendants from engaging in unlawful detentions of Santa Ana residents; and (3) nominal and punitive damages. Id. ¶ 55.

In Count 1, Plaintiff alleges Defendants violated his Fourth Amendment rights by seizing him without probable cause or reasonable suspicion. Id. ¶ 53. In Count 2, Plaintiff alleges Defendants violated his Fourth Amendment rights by prolonging his unlawful detention in an effort to gain access to Plaintiff's dash camera without informing Plaintiff that he had a right to leave. Id. ¶ 54.

### III.
### STANDARD OF REVIEW

As noted, under 28 U.S.C. §§ 1915(e)(2) and 1915A, a district court must dismiss a complaint in this circumstance if it fails to state a claim on which

relief may be granted. See Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (finding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners but includes pretrial detainees).

A complaint may be dismissed for failure to state a claim due to a lack of a cognizable legal theory or insufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

When reviewing a complaint to determine whether it states a viable claim, the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) . Zixiang Li v. Kerry, 710 F.3d 995, 998 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation and quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (observing that Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing Twombly, 550 U.S. at 555).

Thus, to survive a review here, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotation marks omitted). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Iqbal, 556 U.S. at 678 (citation omitted); see also Gauvin v. Trombatore, 682 F. Supp. 1067, 1071

(N.D. Cal. 1988) (finding that a complaint "must allege the basis of [plaintiff's] claim against each defendant" to satisfy Rule 8 pleading requirements). Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "show[ ] that the pleader is entitled to relief" (as required by Rule 8(a)(2)), and thus are insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).

In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to the plaintiff. See Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). For a plaintiff appearing pro se, the court must construe the allegations of the complaint liberally and afford the plaintiff the benefit of any doubt. Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

If a complaint fails to state a claim, the Court may provide the plaintiff leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Such leave should be granted if the defects in the complaint could be corrected, especially if the plaintiff is a pro se litigant. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). But if, after careful analysis, a complaint clearly cannot be cured by amendment, the Court may dismiss

without leave to amend. See Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

## IV.
## DISCUSSION

### A.  General Standard for Civil Rights Claims

To state a civil rights claim under Section 1983, a plaintiff must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. West v. Atkins, 487 U.S. 42, 48 (1988); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). An individual "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (citation omitted).

### B.  Plaintiff's Claims Appear Time-Barred on the Complaint's Face

Statutes of limitation prevent the assertion of stale claims by limiting the time (i.e., the "limitations period") within which claims must be filed. See Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1136 (9th Cir. 2001) (en banc). Although the statute of limitations is ordinarily an affirmative defense, courts may dismiss an action on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff submitted himself. Dufour v. Allen, 2017 WL

373441, at *3 (C.D. Cal. Jan. 23, 2017) (citation and quotation marks omitted); see also Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013) ("A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." (citation omitted)). However, dismissal based on the statute of limitations is appropriate only if the assertions of the complaint, read with the required liberality, and any properly judicially noticed documents, would not permit the plaintiff to prove the statute was tolled. See Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (citation omitted).

While § 1983 provides a federal cause of action, the applicable statute of limitations for § 1983 claims is that which the State in which the cause of action arose provides for personal-injury torts. Wallace v. Kato, 549 U.S. 384, 387 (2007). "Under California law, personal injury actions have a two-year statute of limitations." MacEachern v. City of Manhattan Beach, 623 F. Supp. 2d 1092, 1102 (C.D. Cal. 2009) (citing Cal. Civ. Proc. Code § 335.1). A § 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991). Typically, an action accrues on the date of the injury. Belanus v. Clark, 796 F.3d 1021, 1025 (9th Cir. 2015). In the Fourth Amendment context, the statute of limitations begins to run on the date of the alleged search or seizure, not on the date the plaintiff learns the search or seizure was constitutionally deficient. See Ucci v. LAPD, 2018 WL 6164318, at *4 (C.D. Cal. May 25, 2018) (citation omitted).

Here, Plaintiff's Section 1983 claim asserting a Fourth Amendment violation accrued on May 28, 2018, the date of the alleged seizure. See Complaint ¶ 11. As the Complaint was filed on October 25, 2021, over three years after the claims had accrued, it appears on the face of the Complaint that Plaintiff's claims are time-barred unless statutory or equitable tolling applies.

1. Statutory Tolling

Once a claim accrues, the running of the limitations period may be tolled (that is, suspended temporarily) in certain situations. Federal courts apply the forum state's law regarding tolling except where such laws are inconsistent with federal law. Mills v. City of Covina, 921 F.3d 1161, 1166 (9th Cir. 2019) (citation omitted); Hardin v. Straub, 490 U.S. 536, 538-39 (1989). In interpreting state law, the federal court is "bound by a state's highest court's interpretation of its own statute." See Briceno v. Scribner, 555 F.3d 1069, 1080 (9th Cir. 2009); Lewis v. Tel. Emps. Credit Union, 87 F.3d 1537, 1545 (9th Cir. 1996). "In the absence of a pronouncement by the highest court of a state, the federal courts must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently." Briceno, 555 F.3d at 1080 (quoting Owen By and Through Owen v. United States, 713 F.2d 1461, 1464 (9th Cir. 1983)).

Here, Plaintiff does not claim entitlement to statutory tolling and the Court has not found any basis to support such a claim. Under California law, the statute of limitations may be tolled where a person is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life" for a maximum of two years. Cal. Civ. Proc. Code § 352.1. Section 352.1 is the applicable tolling statute for Section 1983 actions involving claims of disability of imprisonment. Ruiz v. Ahern, 2020 WL 4001465, at *3 (N.D. Cal. July 15, 2020). Accordingly, "inmates in California have four years to bring a § 1983 claim for damages." Alexander v. Cty. of Los Angeles, 2021 WL 2407703, at *3 (C.D. Cal. Mar. 18, 2021). As explained below, however, Plaintiff is not entitled to the benefit of tolling under Section 352.1.

In Elliott v. City of Union City, the Ninth Circuit found that "being continuously incarcerated prior to arraignment constitutes being 'imprisoned

on a criminal charge'" under Cal. Civ. Proc. Code § 352(a)(3), the predecessor to Section 352.1. 25 F.3d 800, 802-03 (9th Cir. 1994). At that time, the California courts had not considered Section 352 in that context, and "[i]n the absence of controlling state precedent," the Ninth Circuit determined the question "as the California Supreme Court would decide it." Id. at 802 n.3. The plaintiff in Elliott, had brought a Section 1983 action based on excessive force during his arrest. After his arrest, he remained in continuous police custody until he was convicted and sent to prison. Id. at 801. The Ninth Circuit found that "'actual, uninterrupted incarceration is the touchstone' for assessing tolling under § 352(a)(3), which covers all post-arrest custody," and therefore, "the statute of limitations applicable to [the plaintiff's] § 1983 action was tolled commencing at the time of his arrest and continuing through his custody." Id. at 803 (citation omitted).

Recently, however, the California Court of Appeal analyzed Section 352.1 to determine whether the statute of limitations is tolled when a cause of action accrues while the plaintiff is in pretrial custody at the county jail. Austin v. Medicis, 21 Cal. App. 5th 577, 582 (2018). In Austin, plaintiff's claims accrued while he was in county jail where he remained in continuous custody until he was convicted and transferred to state prison. See id. at 582, 590. Analyzing the statutory language and legislative history, the appellate court concluded that tolling is applicable only if the plaintiff is serving a term of imprisonment "in the state prison." Id. at 582. Because the plaintiff was "in pretrial custody in the Los Angeles County Jail [when the claims accrued], he was not 'imprisoned on a criminal charge' . . . and section 352.1 [did] not apply." Id. at 582, 597. The court acknowledged the decision in Elliott, but found it "unpersuasive," noting that it "predated the enactment of section 352.1," and thus, did not have the benefit of the legislative findings on the subject. Id. at 590 n.4.

The California Supreme Court declined to review the decision in Elliott and there is no evidence to suggest that the state supreme court would decide Austin differently. Because federal courts must look to state statute of limitations and tolling provisions for actions brought under Section 1983 and are bound by a state court's construction of the laws of that state, the holding in Austin on the applicability of Section 352.1 controls. See Daniel v. Ford Motor Co., 806 F.3d 1217, 1222 (9th Cir. 2015); In re Watts, 298 F.3d 1077, 1082-83 (9th Cir. 2002); Stephan v. Dowdle, 733 F.2d 642, 642 (9th Cir. 1984); Owen, 713 F.2d at 1464; see also Shaw v. Sacramento Cty. Sheriff's Dep't, 810 F. App'x 553, 554 (9th Cir. 2020) (finding that the Court is "obligated to follow" Austin because no evidence demonstrates the California Supreme Court would rule to the contrary). Thus, under Austin, tolling under section 352.1 only applies to claims brought by state prisoners and not to individuals who are in county jail, including pretrial detainees. See Ruiz, 2020 WL 4001465, at *4 (citing Austin, 21 Cal. App. 5th at 597).

In light of Austin, Plaintiff is not entitled to the benefit of Section 352.1 because he was not incarcerated in state prison at the time his claim accrued on May 28, 2018. Although Plaintiff states he is currently a pretrial detainee in county jail for charges not associated with his present suit (Complaint ¶ 4), Plaintiff does not allege he was incarcerated in state prison at the time of, or immediately following, the alleged seizure. Thus, even liberally construing the complaint and giving Plaintiff the benefit of every doubt as a pro se litigant, Plaintiff is not entitled to any statutory tolling under Section 352.1 because he was not serving a term of imprisonment in state prison at the time of, or immediately following, the alleged seizure on May 28, 2018. See Austin, 21 Cal. App. 5th at 597; see also Shaw, 810 F. App'x at 554; Sekerke v. Hoodenpyle, 2021 WL 973565, at *6 (S.D. Cal. Mar. 16, 2021); Catchings v. Seabrooks, 2021 WL 4456785, at *10 (C.D. Cal. Mar. 3, 2021); Arreola v. Cty.

of Fresno Public Defender's Office, 2020 WL 1169222, at *6 (E.D. Cal. Mar. 11, 2020); Bell v. Mahoney, 2019 WL 6792793, at *6 (C.D. Cal. Aug. 29, 2019); Patrick v. McDermott, 2019 WL 10255472, at *6 (C.D. Cal. June 24, 2019); Lockett v. Cty. of Los Angeles, 2018 WL 6842539, at *2 (C.D. Cal. Oct. 25, 2018). Further, even if this Court had followed Elliott rather than Austin as other district courts in this circuit have,[1] Plaintiff would not be entitled to statutory tolling as he does not claim he was a pretrial detainee at the time of, or immediately following, the accrual of his § 1983 claim.

        2.     Equitable Tolling

Moreover, Plaintiff does not assert in his Complaint he is entitled to equitable tolling of the two-year statute of limitations. In California, equitable tolling is "a judge-made doctrine 'which operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003) (as modified) (citation omitted). It generally requires a showing that the plaintiff was "seeking an alternate remedy in an established procedural context." Acuna v. San Diego Gas & Elec. Co., 217 Cal. App. 4th 1402, 1416 (2013); see also Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2006) ("California allows equitable tolling of the statute of limitations when a plaintiff, 'possessing several legal remedies

---

[1] See Alexander, 2021 WL 2407703, at *4 ("There is a split among the district courts as to which case to follow [Elliott or Austin] . . . Because Elliott remains good law and is binding authority in this circuit, this court applies Elliott's continuous custody rule."); Ruiz, 2020 WL 4001465, at *5 ("This Court finds Austin does not provide the governing law."); Baros v. Ramirez, 2019 WL 3849171, at *9 (C.D. Cal. June 5, 2019) ("Because Elliott remains good law in the Ninth Circuit, and because recent federal decisions have either expressly applied Elliott's continuous custody rule or distinguished from Elliott when addressing questions of tolling for disability of imprisonment, the Court must apply the principles of the Elliott decision to Plaintiff's case unless the Ninth Circuit holds otherwise.").

11

. . ., reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage,' thereby allowing the statutory period to run." (citation omitted)). For equitable tolling to apply, a plaintiff must show (1) "timely notice" of the claim to the defendant; (2) "lack of prejudice" to the defendant; and (3) "reasonable and good faith conduct on the part of the plaintiff." McDonald v. Antelope Valley Cmty. Coll. Dist. 45 Cal. 4th 88, 102 (2008) (citation omitted); see also Butler v. Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1204 (9th Cir. 2014).

The party asserting equitable tolling has the burden to show that the doctrine applies. See In re Marriage of Zimmerman, 183 Cal. App. 4th 900, 912 (2010) (as modified); see also Kleinhammer v. City of Paso Robles, 385 Fed. App'x 642, 643 (9th Cir. 2010) (holding that a plaintiff asserting a § 1983 claim has the "burden to plead facts which would give rise to equitable tolling"); Williams v. Holevinski, 295 F. App'x 167, 168 (9th Cir. 2008) (concluding the district court properly found that plaintiff was not entitled to equitable tolling because he failed to plead sufficient facts to account for his lack of diligence in pursuing remedies). Further, where the time-bar appears "on the face of the complaint," the plaintiff "has an obligation to anticipate the [statute of limitations] defense and plead facts to negative the bar." Union Carbide Corp. v. Superior Court, 36 Cal. 3d 15, 25 (1984); Reyes v. Healthcare Servs. Group, Inc, 2015 WL 6551870, at *5 (C.D. Cal. Oct. 26, 2015). Thus, because Plaintiff's Complaint fails to state any facts showing why the doctrine applies, Plaintiff is not entitled to equitable tolling on his § 1983 claims.

Accordingly, at this time the Court will not reach the underlying sufficiency of Plaintiff's substantive Fourth Amendment claims,[2] as it appears

---

[2] Absent a viable federal claim, the Court would likely decline to exercise supplemental jurisdiction over Plaintiff's state law claims. See Smith v. Lenches, 263 F.3d 972, 977 (9th Cir. 2001) ("While 28 U.S.C. § 1367 grants federal courts

on the face of the Complaint that the statute of limitations expired prior to its filing and no statutory or equitable tolling applies. See Ucci, 2018 WL 6164318, at *4 (observing that plaintiff's claims were subject to sua sponte dismissal because the "time bar is evident from the [complaint's] face" and plaintiff "alleged no facts showing an excuse, tolling, or other basis for avoiding the statutory bar"). Rather, as set forth below, the Court will provide Plaintiff an opportunity to be heard regarding the apparent limitations bar.

## V.
## CONCLUSION

Accordingly, for the foregoing reasons and before considering the adequacy of the pleading of Plaintiff's substantive claims, the Court finds that it appears that the claims asserted in the Complaint are subject to dismissal as time barred under the applicable statute of limitations. It also appears, for the reasons set forth above, that no further amendment of the Complaint could cure that infirmity. Plaintiff is therefore ORDERED to, within 30 days from the date of this Order, to show cause, in writing, why this action should not be dismissed with prejudice. In any such written response, Plaintiff is ordered to set forth any valid legal and/or factual reasons why the statute of limitations does not bar Plaintiff's claims. If Plaintiff claims that he could amend his Complaint to set forth further facts that would state a viable claim, he should clearly set forth those facts and explain why they allege a valid, timely claim.

**Plaintiff is admonished that failure to timely file a fully compliant response within 30 days as directed in this Order may result in the dismissal**

---

supplemental jurisdiction, the United States Supreme Court has held that district courts may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness and comity." (citing City of Chigo v. Int'l Coll. of Surgeons, 522 U.S. 156, 172-72 (1997))).

of all or part of this action for failure to support failure to state a claim, failure to prosecute, and/or failure to obey a court order under Rule 41(b).

Dated: November 23, 2021

_____
JOHN D. EARLY
United States Magistrate Judge